IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | : |
| Plaintiff, | : CIVIL ACTION NO. |
| v. | : |
| | : JURY TRIAL DEMAND |
| BELLSOUTH TELECOMMUNICATIONS, LLC., | : |
| Defendants. | : |

## COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and retaliation and to provide appropriate relief to Melanie Williamson-Terry and Carla Suber, hereinafter collectively referred to as the "Charging Parties," who were adversely affected by such practices. The Plaintiff alleges that while employed with Bellsouth Telecommunications, LLC. ("Defendant"), the Charging Parties were subjected to

1

a sexually hostile work environment by Defendant's Center Director at its Kennesaw, Georgia location and that Defendant failed to take effective remedial action to end the harassment.

Plaintiff further alleges that after the Charging Parties complained about the harassment to Defendant, the Defendant subjected them to unlawful retaliation for engaging in protected activity in violation of Title VII.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Atlanta Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly

2

authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 28 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, the Defendant, BellSouth Telecommunications LLC., has continuously been a corporation doing business in the State of Georgia and has continuously had at least 15 employees.

5. At all relevant times, the Defendant has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, the Charging Parties filed charges of discrimination with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least April 2010, Defendant engaged in unlawful employment practices in violation of Sections 703(a) and 704(a) of Title VII, 42 U.S.C. §2000e-2(a) and §2000e-3, by:

    (a) subjecting Melanie Williamson-Terry to repeated incidents of verbal harassment which resulted in a sexually hostile work environment; and

3

(b) demoting Melanie Williamson-Terry in retaliation for complaining about unlawful sexual harassment.

8. Williamson-Terry began working for AT&T in or around September 2007 as a Sales Assistant. In January 2010, she was assigned to the position of Relieving Acting Manager ("RAM").

9. Mark Hemmings ("Hemmings"), Center Director, began harassing Williamson-Terry in April of 2010, and continued verbally harassing her and other women on a regular basis.

10. Hemmings repeatedly made crude, unwelcome comments of a sexual nature in meetings.

11. Although several AT&T Managers were present at the meetings during which Hemmings would make inappropriate sexual comments, nothing was ever done to stop the behavior.

12. Between May and June 2010, Hemmings regularly made inappropriate sexual and/or derogatory comments about women.

13. Hemmings also regularly commented on Williamson-Terry's appearance.

14. Hemmings requested that Williamson-Terry sit near him because he liked her appearance.

4

15. Hemmings also greeted Williamson-Terry by rubbing her back, which was unwelcome and made her feel uncomfortable.

16. On or about July 2, 2010, Williamson-Terry complained to Defendant and the Human Resources Department about the harassment.

17. Less than a week after Williamson-Terry complained about Hemmings' harassment, Hemmings removed all managerial responsibility from Williamson-Terry.

18. After the complaint, Hemmings' sexually harassing comments were replaced by retaliatory remarks regarding Williamson-Terry, e.g., "She's trying to take me down," and, "If I go down, I'm going to blow this place up."

19. During a meeting on July 26, 2010, Hemmings threatened to sue anyone who reported his conduct to the EEO Department. Hemmings looked directly at Williamson-Terry while making this comment.

20. On August 8, 2010, Williamson-Terry was informed by Defendant that she was demoted to a Team Leader position.

21. This demotion was unlawful retaliation in response to Williamson-Terry complaining of sex harassment.

22. Since at least May 2010, Defendant engaged in unlawful employment practices in violation of Section 703(a) and 704(a) of Title VII, 42 U.S.C. §2000e-2(a) and §2000e-3, by:

    (a) subjecting Carla Suber to repeated incidents of verbal harassment which resulted in a sexually hostile work environment; and

    (b) demoting Carla Suber and failing to promote her in retaliation for complaining about unlawful sexual harassment.

23. Carla Suber began working for Defendant on April 24, 2006, as a Sales Consultant. She was promoted to Acting Sales Coach in June 2008.

24. Hemmings began harassing Suber in May of 2010, and continued verbally harassing her on a regular basis.

25. Hemmings regularly used sexually discriminatory terms in reference to Suber and other female employees. For example, on May 26, 2010, while on speakerphone during a meeting, Hemmings, unaware that Suber was present, referred to Suber as a "bitch."

26. In May 2010, Hemmings made repeated sexual comments to Suber about her appearance, her body parts and sex positions.

27. On or about on June 26, 2010, Suber complained to management about Hemmings' harassment.

28. After complaining about the harassment, Hemmings continued to make sexually inappropriate comments: he either made them about women in the office who ultimately reported them to Suber or he made them in Suber's presence.

29. After Suber complained about the harassment, she was subjected to retaliation when on or about June 29, 2010, she applied for a permanent Sales Coach position and was neither interviewed nor considered for the position by Hemmings.

30. On July 14, 2010, Hemmings demoted Suber to a RAM, in retaliation for complaining about sex harassment.

31. The effect of the practices complained of in paragraphs 7-30 above has been to deprive Williamson-terry and Suber of equal employment opportunities and, otherwise, to adversely affect their status as employees because of their sex and because they engaged in protected activity.

30. The unlawful employment practices complained of in paragraphs 7-30 above were intentional.

31. The unlawful employment practices complained of in paragraphs 7-30 above were done with malice or with reckless indifference to the federally protected rights of Williamson-Terry and Suber.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in sexual harassment against employees, and engaging in any other employment practice which discriminates on the basis of sex.

B. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in employment practices which retaliate against employees who engage in protected activity.

C. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees and eradicate the effects of its past and present unlawful employment practices.

D. Order the Defendant to make whole Williamson-Terry and Suber by providing them with appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects

of their unlawful employment practices, including reinstatement to their former positions or front pay, as appropriate.

E.   Order the Defendant to make whole Williamson-Terry and Suber by providing them with compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7-30 above, in amounts to be determined at trial.

F.   Order the Defendant to make whole Williamson-Terry and Suber by providing them with compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of in paragraphs 7-30 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

G.   Order the Defendant to pay to Williamson-Terry and Suber punitive damages for their malicious and reckless conduct described in paragraphs 7-28 above, in amounts to be determined at trial.

H.   Grant such further relief as the Court deems necessary and proper in the public interest.

I.   Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

| | |
|---|---|
| 9/30/2011 | s/ Robert K. Dawkins |
| Date | Robert K. Dawkins |

Regional Attorney
Georgia Bar No. 076206
robert.dawkins@eeoc.gov

Ottrell Edwards
Supervisory Trial Attorney
Georgia Bar No. 141979
ottrell.edwards@eeoc.gov

U.S. Equal Employment Opportunity Commission
Atlanta District Office
100 Alabama St., SW, Suite 4R30
Atlanta, Georgia 30303
Telephone: (404) 562-6818
Facsimile: (404) 562-6905