FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

OCT 16 2012

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br>v.<br><br>BELLSOUTH TELECOMMUNICATIONS, LLC,<br><br>    Defendant. | CIVIL ACTION<br><br>NO. 1:11-CV-3345-JOF-JFK |

## CONSENT DECREE

This action was instituted by the Equal Employment Opportunity Commission (the "EEOC" or the "Commission") against Defendant BellSouth Telecommunications, LLC ("BellSouth") pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* (hereinafter "Title VII"), and the Civil Rights Act of 1991, 42 U.S.C. § 1981(a), to remedy the alleged wrongful practices identified in the Complaint filed in this action.

The Commission alleges in the foregoing civil action that BellSouth acted unlawfully by sexually harassing and retaliating against Melanie Williamson Terry and Carla Suber in violation of Title VII. In its Complaint, the Commission seeks make-whole relief including, but not limited to, back pay with interest, compensatory and punitive damages, and injunctive and other affirmative relief.

1

BellSouth filed a timely Answer denying the allegations in the Complaint. In its Answer, BellSouth denied that it violated Title VII as alleged by the Commission in its Complaint. Defendant also denied that the Commission, Melanie Williamson-Terry and/or Carla Suber should be awarded any relief in this matter. The parties to this action desire to avoid the additional expense, delay, and uncertainty that would result from the continuance of this litigation, and desire to formulate a plan to be embodied in this Consent Decree that will promote and effectuate the purposes of Title VII. The parties want to conclude fully and finally all claims arising out of the Charges of Discrimination filed with the Commission by Melanie Williamson Terry and Carla Suber and the Commission's Complaint. They enter into this Consent Decree to further the objectives of Title VII and equal employment opportunity.

This Court has jurisdiction over the subject matter of this action and over the parties to this action, as the employment practices alleged to be unlawful in the Complaint filed herein occurred within the jurisdiction of the Northern District of Georgia, Atlanta Division.

This Court has reviewed the terms of the proposed Consent Decree in light of the pleadings and the applicable law and regulations, and has approved this Consent Decree as one that will promote and effectuate the purposes of Title VII.

Now, therefore, this Court being fully advised in the premises, it is hereby

ORDERED, ADJUDGED, AND DECREED:

## I. JURISDICTION AND VENUE

Jurisdiction of this Court is pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized pursuant to Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

## II. DISCLAIMER OF VIOLATION

It is understood and agreed that the negotiation, execution, and entry of this Consent Decree by the parties shall not constitute an adjudication or finding on the merits of this case, and shall not be construed as an admission by either party with respect to the claims asserted in this case. Nothing in this Consent Decree shall be admissible in any other judicial or administrative proceeding for any purpose except to enforce the terms of this Consent Decree.

## III. NON-DISCRIMINATION PROVISION

BellSouth and its affiliated companies, including its members, managers, officers, agents, supervisors, successors and assigns, shall not discriminate against any individual because of their sex or retaliate against any employee who complains of sexual harassment. BellSouth shall comply with Title VII as required by law, and warrants that all employment practices, including hiring, termination, discipline, and promotion, and all other terms and conditions of employment shall

be conducted in a manner that does not discriminate on the basis of sex.

IV.     **NON-RETALIATION PROVISION**

BellSouth and its affiliated companies, including its officers, agents, members, managers, supervisors, successors and assigns, shall not retaliate against any person because that person is a beneficiary of this Consent Decree, or has provided information or assistance, or has participated in any other manner, in any investigation or proceeding relating to this Consent Decree. BellSouth shall not discriminate against any employee for engaging in protected activity under Title VII.

V.      **INSTRUCTION TO MANAGEMENT**

Within thirty (30) days from the entry of this Consent Decree, BellSouth shall certify, in writing, to the EEOC that all management and supervisory personnel who are currently employed in its Kennesaw Georgia call center have been instructed as to the terms of this Consent Decree (other than the monetary amount of the settlement), and the full meaning of the provisions of the Notice to be posted, and that BellSouth has reaffirmed with these employees that discrimination based on sex and retaliation will not be tolerated. All written certification required by this Section shall be addressed to Robert K. Dawkins, Regional Attorney, EEOC Atlanta District Office, 100 Alabama Street SW, Suite 4R30, Atlanta, Georgia 30303.

## VI.   TRAINING

During the term of this Consent Decree, BellSouth shall hold one (1) training session annually for the next three years, the cost of which is to be borne by BellSouth, to be attended by every employee (non-supervisory and supervisory employees) working in its Kennesaw, Georgia call center, on their rights and obligations arising under Title VII, including, but not limited to, BellSouth's obligations under Title VII to prevent sexual harassment and retaliation.  The first of the above-referenced training sessions shall be completed within ninety (90) days of the entry of this Consent Decree.  BellSouth shall also re-distribute its EEO policies to their employees in advance of this training.

BellSouth shall provide written certification to the Commission of training completed pursuant to this Section within fifteen (15) days following completion of training.  The certification shall include the name(s) and qualifications of the person(s) providing instruction, names and job titles of attendees, length of training, and the training topics.  If written materials are utilized, the Commission shall be supplied with a copy of such materials.

All written notice and certification required by this Section of the Consent Decree shall be addressed and forwarded to Robert K. Dawkins, Regional Attorney, EEOC Atlanta District Office, 100 Alabama Street SW, Suite 4R30, Atlanta, Georgia 30303.

## VII. REPORTING REQUIREMENT

Every six (6) months for the duration of this Consent Decree, BellSouth shall certify in writing to the Regional Attorney whether any person employed in its Kennesaw Georgia call center has complained about sexual harassment or retaliation for having filed a sexual harassment complaint. If an employee has so complained, then the summary report shall include the following information:

(a)   The date of the complaint or report;

(b)   The name of the person making the complaint or report;

(c)   The name and title of the person against whom the complaint or report was made;

(d)   The nature of the complaint or report;

(e)   The name and title of BellSouth's official to whom the complaint or report was made;

(f)   A description of how the complaint or report was resolved by BellSouth, including any personnel action(s) taken by BellSouth in response to the complaint or report.

The required report shall be addressed and forwarded to Robert K. Dawkins, Regional Attorney, EEOC Atlanta District Office, 100 Alabama Street SW, Suite 4R30, Atlanta, Georgia 30303.

## VIII. NOTICES TO BE POSTED

Upon entry of this Consent Decree and continuing until the expiration date specified in Section X herein, BellSouth shall keep posted at its Kennesaw, Georgia call center a copy of the Notice attached to this Consent Decree (as Attachment A). The posting required by this paragraph shall be conspicuously displayed in the employee work area(s) at BellSouth's Kennesaw, Georgia call center, so that each employee assigned to the work location shall have the opportunity to observe at least one such posting. BellSouth will fulfill the posting requirement within fifteen (15) days of the entry of this Consent Decree and shall certify, within thirty (30) days of such date, that this posting has been accomplished.

BellSouth shall not withhold the right of the EEOC to enter upon its premises to monitor compliance with this Section. Should the Notice become defaced, marred, or otherwise unreadable, BellSouth will ensure that a new, readable copy of the Notice is posted in the same manner as heretofore specified within five (5) working days of discovering the defective Notice.

## IX. CHARGING PARTIES' INDIVIDUAL RELIEF

BellSouth, in settlement of all claims alleged by the Commission in its Complaint and all claims asserted in the Charging-Parties' Charges of Discrimination on which this action is premised, shall pay Melanie Williamson

7

Terry the gross amount of $60,000 and Carla Suber the gross amount of $60,000, less any applicable taxes, withholdings, and other deductions required by law. Checks shall be issued to Melanie Williamson Terry and Carla Suber within fifteen (15) days of the date on which this Consent Decree is entered by the Court. Within five (5) business days of issuing the checks, Defendant will mail copies of the checks to Robert K. Dawkins, Regional Attorney, EEOC Atlanta District Office, 100 Alabama Street SW, Suite 4R30, Atlanta, Georgia 30303.

In addition, if Melanie Williamson Terry and Carla Suber ever separate from their employment with BellSouth, any reference provided by BellSouth based on their employment with BellSouth shall not make reference to, or be affected or influenced by, the facts and circumstances underlying the allegations in EEOC Charge Numbers 410-2010-03930 and 410-2010-04829 or the Complaint.

## X.   **TERM OF DECREE AND PERIOD OF JURISDICTION**

This Consent Decree shall continue to be effective and binding upon the parties to this action for a period of thirty-six (36) calendar months immediately following the entry of the Consent Decree, provided that all remedial benefits required hereby have been received or offered prior to its expiration and provided further, that all required reports and certifications are submitted at least thirty (30) days before the expiration date of the Consent Decree. If required reports are not submitted within thirty (30) days of the expiration date or if the remedial benefits

are not received or offered, the Consent Decree will be automatically extended until these provisions are completed.

Upon the Court's execution and entry of this Consent Decree, this case shall be dismissed with prejudice. However, this Court shall retain jurisdiction over this action for the purposes of clarifying and enforcing this Consent Decree and for any other appropriate or equitable purposes for thirty-six (36) calendar months from the date of entry of this Consent Decree, unless the Court acts or the Commission has, prior to the expiration of said thirty-six (36) calendar month period, moved to enforce compliance with the Consent Decree. If the Court acts or the Commission has moved to enforce compliance with this Consent Decree within this period, this Court shall retain jurisdiction of this action until all issues relating to all such motions that are made during the thirty-six (36) month period have been resolved. At the expiration of the thirty-six (36) month period of jurisdiction, if all obligations have been performed by the parties under this Consent Decree, and no disputes regarding compliance remain unresolved, then the Consent Decree shall operate as an automatic dismissal with prejudice.

## XI. COMPLIANCE OFFICIAL

The Defendant has designated Paula D. Jackson, Executive Director – Human Resources to be BellSouth's Compliance Official who shall be responsible for BellSouth's compliance with this Consent Decree. The Compliance Official is

to be responsible for coordinating and overseeing BellSouth's compliance with the specific terms of this Consent Decree.

## XII. PROCEDURE FOR ENFORCING COMPLIANCE

The parties will attempt to resolve any disputes regarding the enforcement of this Consent Decree by informal consultation and/or mediation before seeking enforcement through the judicial process. The Commission will notify, in writing by first-class mail and facsimile, BellSouth's Compliance Official if it has any reason to believe that any act or omission by BellSouth is in violation of the Consent Decree. BellSouth shall have thirty (30) days after the receipt of such notification to cure any such alleged deficiency, and to notify the Commission, by written report addressed to the Regional Attorney at the EEOC's Atlanta District Office, of the measures taken to cure the alleged deficiencies.

If upon receipt of BellSouth's report, the Commission concludes that the deficiency has not been satisfactorily cured by BellSouth, the Commission shall seek to resolve the alleged deficiency through good faith conciliation or mediation. If the alleged deficiency is not resolved within thirty (30) days after the initiation of such good faith conciliation or mediation process, then the Commission may seek enforcement of this Consent Decree through the judicial process.

Nothing in this agreement shall be deemed to prohibit any matter which occurred during the term of this Consent Decree, and which constitutes a dispute as

contemplated by this Section, from being fully and completely resolved in the manner described in this Section, even if the term of the Consent Decree expires prior to thirty (30) days after the initiation of good faith conciliation or mediation as set forth in this Section.

## XIII. OTHER ACTIONS

The Commission shall not commence or prosecute BellSouth for any action or other proceeding based upon any claims, demands, causes of action, obligations, damages or liabilities that arose out of Melanie Williamson-Terry's or Carla Suber's claims that they were sexually harassed and retaliated against in violation of Title VII, as embodied in EEOC Charge Numbers 410-2010-03930 and 410-2010-04829, respectively, which were filed with, and investigated by, the EEOC's Atlanta District Office. This Consent Decree in no way affects the Commission's right to process any pending or future charges that may be filed against BellSouth in accordance with standard Commission procedures, and to commence and prosecute civil actions pursuant to Title VII (or any other statutes enforced by the Commission) on any such charges. Nothing in this Consent Decree shall be construed to limit or reduce BellSouth's obligation to fully comply with Title VII or the regulations promulgated pursuant thereto. Nothing herein shall preclude the Commission from bringing an action to enforce the provisions of this Consent Decree.

## XIV. COSTS AND ATTORNEYS FEES

The EEOC and BellSouth shall each bear their own respective costs and attorneys' fees for this action.

The parties hereto and undersigned attorneys of record for the parties in the above-styled action hereby consent to the entry of the foregoing Consent Decree.

**BY CONSENT**:

Counsel for Plaintiff:	/s/ Robert K. Dawkins
Robert K. Dawkins, Esq.
Georgia Bar No: 076206

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION- Atlanta District Office
100 Alabama Street, SW, Suite 4R30
Atlanta, Georgia 30303

Counsel for Defendant:	/s/Sheldon W. Snipe
(by Steven A. Wagner w/express permission)
Sheldon W. Snipe, Esq.
Georgia Bar No. 665790

AT&T Services, Inc.
675 West Peachtree Street, Suite 4300
Atlanta, Georgia 30308

SO ORDERED, this the 15 day of October, 2012.

_____
United States District Court Judge
Northern District of Georgia, Atlanta Division

# N O T I C E

1. This notice is being posted as part of the remedy agreed to between BellSouth Telecommunications, LLC and the Equal Employment Opportunity Commission, EEOC, in a consent decree filed in the United States District Court, Atlanta, Georgia.

2. Federal Law requires, in general, that there be no discrimination against any employee or applicant for employment because of the person's race, color, religion, sex, pregnant condition, national origin, disability or age or because they have exercised their rights under the law with respect to hiring, firing, compensation or other terms, conditions or privileges of employment.

3. BellSouth Telecommunications, LLC supports and will continue to comply with such Federal Law in all respects and will not take any action against employees because of their sex, pregnant condition, race, color, religion, national origin, disability or age or because they have exercised their rights under the law.

4. This notice will remain posted for thirty-six (36) months.

   Signed this, the _____ day of _____, 2012.

   _____

   On Behalf of BellSouth Telecommunications, LLC